UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff, <br><br> V. <br><br> ERIC KHARI KING,    Defendant. | CRIMINAL NO. 5:17-5-KKC-1 <br><br> **OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Eric Khari King's motion (DE 41) for compassionate release under 18 U.S.C. 3582(c)(1)(A). The United States has responded (DE 43), and the matter is now ripe for the Court's review.

King is currently serving a 168-month sentence after pleading guilty to possession with intent to distribute heroin and possession of a firearm by a convicted felon. (DE 12.) His projected release date is August 5, 2028.

The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court

must enforce it. *Id*. at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id*. Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id*. ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

In its response to King's motion, the government argues that the Court cannot grant compassionate release in this case because King has failed to meet either requirement of the mandatory condition. This is a proper invocation of the mandatory condition. *Id*. (finding no waiver or forfeiture of the mandatory condition where the government timely objected to defendant's "failure to exhaust.") The next issue then is whether King has met the mandatory condition to this Court's ability to grant him compassionate release.

King has not presented any evidence that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). Additionally, as to the alternative method of meeting the mandatory condition, King has not presented any evidence that he has submitted a request for compassionate release to the warden of the facility where he is incarcerated. Although he includes a one-page document titled "Inmate Request to Staff" and dated August 2, 2021, King does not provide proof that this document was ever submitted to anyone, and the Bureau of Prisons has no record of a compassionate release request by King. Thus, King filed his motion prior to satisfying the mandatory condition, the government properly invoked the condition, and the Court must enforce it. King may re-submit his motion when he can provide proof that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A).

Accordingly, the Court hereby ORDERS that King's motion for compassionate release (DE 41) is DENIED WITHOUT PREJUDICE.

This 21st day of March, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY